Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

FILED

2024 FEB 22  A 10: 53

Gulf

Case No. **CV 224 - 026**

*(to be filled in by the Clerk's Office)*

Michelle Williams

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Louis Dejoy Postmaster General

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Jury Trial: *(check one)*  [ ] Yes  [ ] No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if
needed.

Name — Michelle Williams
Street Address — PO BOX 1201
City and County — Jesup, GA 31545 Wayne
State and Zip Code — GA 31545
Telephone Number — 912 415 1345
E-mail Address — michwilliams1207@gmail.com

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an
individual, a government agency, an organization, or a corporation. For an individual defendant,
include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

Name — Orelene Garcia

Job or Title *(if known)* — Postmaster

Street Address — 801 Gloucester St

City and County — Brunswick  Glynn

State and Zip Code — Georgia  31520

Telephone Number

E-mail Address *(if known)*

Defendant No. 2

Name — Dwayne Gray

Job or Title *(if known)* — Supervisor

Street Address — 801 Gloucester St

City and County — Glynn  Brunswick

State and Zip Code — Georgia  31520

Telephone Number

E-mail Address *(if known)*

Defendant No. 3

Name — Patrick muise

Job or Title *(if known)* — manager

Street Address

City and County — SSI  Glynn

State and Zip Code — Georgia

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name — Claudette Ballard

Job or Title *(if known)* — HR

Street Address

City and County — Jacksonville

State and Zip Code — Fla

Telephone Number

E-mail Address *(if known)*

Page 2 of 6

C. **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | USPS |
| Street Address | 801 Gloucester St |
| City and County | Brunswick Glynn |
| State and Zip Code | Georgia 31520 |
| Telephone Number | |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐   Failure to hire me.

☐   Termination of my employment.

☐   Failure to promote me.

☑   Failure to accommodate my disability.

☑   Unequal terms and conditions of my employment.

☑   Retaliation.

☐   Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)
Sept 11, 2020 and ongoing

C.   I believe that defendant(s) *(check one)*:

☑   is/are still committing these acts against me.

☐   is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐   race _____

☐   color _____

☐   gender/sex _____

☐   religion _____

☐   national origin _____

☐   age *(year of birth)* _____  *(only when asserting a claim of age discrimination.)*

☑   disability or perceived disability *(specify disability)*
lumbar _____

E.   The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

Dec. 18, 2020

B.      The Equal Employment Opportunity Commission *(check one)*:

☑      has not issued a Notice of Right to Sue letter.

☐      issued a Notice of Right to Sue letter, which I received on *(date)* _____ .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐      60 days or more have elapsed.

☐      less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

emotional pain and suffering I've been in an unpayed status since 2020 as a full time window clerk, I've lost my home and my vehicle in the time I've been home I can no longer find employment with my restrictions of no lifting over 2lbs no

prolonged standing or walking I've filed for SSI back in Nov of 2020 and they are wanting to know what the post office is doing.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 2/22/24

Signature of Plaintiff _Michelle Williams_

Printed Name of Plaintiff _michelle williams_

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Michelle Williams a/k/a
Marvella B.,[1]
Complainant,

v.

Louis DeJoy,
Postmaster General,
United States Postal Service
(Field Areas and Regions),
Agency.

Appeal No. 2023000166

Hearing No. 410-2021-00367X

Agency No. 4G-320-0321-20

<u>DECISION</u>

Complainant appeals to the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's September 15, 2022, final order concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq. For the following reasons, the Commission AFFIRMS the Agency's final order.

<u>BACKGROUND</u>

At the time of events giving rise to this complaint, Complainant worked as a Sales/Service/Distribution Associate at the Brunswick/St. Simons Island Post Office in St. Simons Island, Georgia.

On December 18, 2020, Complainant filed an EEO complaint alleging that the Agency discriminated against her based on of disability (lumbar) and in reprisal for prior protected EEO activity when:

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                      2023000166

1.    On September 14, 2020 through a date to be specified in November 2020,
      Complainant was charged Absent-Without-Leave (AWOL); and

2.    On a date to be specified in November 2020 and ongoing, Complainant was
      assigned work outside of her driving restriction.

At the conclusion of the investigation, the Agency provided Complainant with a copy of the
report of investigation and notice of her right to request a hearing before an EEOC
Administrative Judge (AJ). Complainant requested a hearing. On August 15, 2022, the Agency
motioned for a decision without a hearing. When Complainant did not object, the AJ granted the
Agency's motion and issued a decision without a hearing on September 7, 2022.

Finding that the Agency's motion accurately stated the relevant facts, the AJ incorporated the
Agency's motion into his decision. The AJ's decision found that the Agency had legitimate,
nondiscriminatory reasons for charging Complainant AWOL, namely that Complainant failed to
update her medical information and stopped reporting for duty. The AJ further found that the
Agency's offer of modified assignment did not actually violate Complainant's medical driving
restriction.     Ultimately, the AJ found that Complainant had not proven her claims of
discrimination or reprisal.

The Agency subsequently issued a final order adopting the AJ's finding that Complainant failed
to prove that the Agency subjected her to discrimination as alleged. Complainant filed the
instant appeal.

STANDARD OF REVIEW

The Commission's regulations allow an AJ to grant summary judgment when they find that there
is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). An issue of fact is "genuine" if
the evidence is such that a reasonable factfinder could find in favor of the non-moving party.
Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Oliver v. Digital Equip. Corp., 846 F.2d 103,
105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case.
In rendering this appellate decision, we must scrutinize the AJ's legal and factual conclusions,
and the Agency's final order implementing them, *de novo*. See 29 C.F.R. § 1614.405(a) (stating
that a "decision on an appeal from an Agency's final action shall be based on a *de novo*
review. . ."); see also Equal Employment Opportunity Management Directive for 29 C.F.R. Part
1614 (EEO-MD-110), at Chap. 9, § VI.B. (as revised, August 5, 2015) (providing that an AJ's
determination to issue a decision without a hearing, and the decision itself, will both be reviewed
*de novo*).

In order to successfully oppose a decision by summary judgment, a complainant must identify,
with specificity, facts in dispute either within the record or by producing further supporting
evidence and must further establish that such facts are material under applicable law. Such a
dispute would indicate that a hearing is necessary to produce evidence to support a finding that
the agency was motivated by discriminatory animus.

3                                    2023000166

## ANALYSIS AND FINDINGS

After careful review of the record, we find that Complainant failed to raise a genuine issue of material fact on her claims of discrimination and reprisal. Regarding Claim 1, the record shows that on February 2, 2020, Complainant injured her back while lifting a package at work. She continued to work (with occasional light duty and assistance from coworkers) until September 11, 2020, when she suffered a re-injury of her back. Complainant stated that her symptoms worsened and she was not able to work. Though Complainant submitted medical documentation supporting the fact that she was injured, management determined that Complainant had not proven medical inability to work on a modified assignment. Complainant stopped reporting for duty and was charged AWOL on September 12-26, October 9-10, and October 23-December 18, 2020. Complainant does not deny that she failed to report for duty without approval; nor does she present any evidence that the Agency's stated reasons for charging her AWOL are pretext for discrimination or reprisal. We find no evidence that the Agency's actions were motivated by discriminatory or retaliatory animus.

Regarding Claim 2, the record shows that the Agency offered Complainant a modified assignment to allow her to perform sedentary duties that would not aggravate her back injury. Complainant objected to the modified assignment because it required her to commute 45 minutes to an hour, which she alleged violated her medical driving restriction. The record shows that when asked to specify how long her driving restriction was for, Complainant responded: "length not specified just cant drive for over an hr a day..." We agree with the AJ that Complainant did not show she had a medical driving restriction that would prevent her from commuting 45 minutes to an hour. Likewise, we agree with the AJ that Complainant did not show that the Agency's offer of a modified assignment required Complainant to drive at all. Though Complainant claims the commute was part of her modified assignment, the Agency noted that many employees commute to work using public transportation, getting rides, or finding other alternatives to driving.

The ultimate burden of proving discrimination remains at all times with the Complainant. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). Complainant has failed to produce evidence sufficient to support her claims.

## CONCLUSION

Accordingly, we AFFIRM the Agency's final decision finding no discrimination or reprisal.

## STATEMENT OF RIGHTS - ON APPEAL
## RECONSIDERATION (M0124.1)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

4                                                        2023000166

   2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration**. A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

Complainant should submit their request for reconsideration, and any statement or brief in support of their request, via the EEOC Public Portal, which can be found at https://publicportal.eeoc.gov/Portal/Login.aspx. Alternatively, Complainant can submit their request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, a complainant's request to reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files their request via the EEOC Public Portal, in which case no proof of service is required.

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. **Any supporting documentation must be submitted together with the request for reconsideration.** The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(f).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0124)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by their full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

5                                   2023000166

<u>RIGHT TO REQUEST COUNSEL</u> (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:


Carlton M. Hadden, Director
Office of Federal Operations


<u>January 22, 2024</u>
Date

6                                          2023000166

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was provided to the parties**. I certify that on the date below this decision was provided to the following recipients via the means identified for each recipient:

Michelle Williams
PO Box 1704
Jesup, GA  31598
Via U.S. Mail


U.S. Postal Service (Field Areas and Regions)
NEEOISO - Appeals
U.S. Postal Service
Via FedSEP


January 22, 2024
Date


Intake, Communication and Enforcement Division

Reference #: 2023000166
Michelle Williams
PO Box 1704
Jesup, GA  31598