# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

MICHELLE WILLIAMS,

    Plaintiff,

    v.

POSTMASTER GENERAL LOUIS
DEJOY, et al.,

    Defendants.

2:24-CV-26

## ORDER

Before the Court is Defendants' motion to dismiss. Dkt. No. 10. For the reasons set forth below, the motion to dismiss is **DENIED as moot**, and Plaintiff is **ORDERED** to file a more definite statement of her claims.

## BACKGROUND[1]

This case arises out of Plaintiff Michelle Williams's employment with the United States Post Office in downtown Brunswick, Georgia. Dkt. No. 5 at 6. On February 2, 2020, Plaintiff

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Additionally, the Court is required to liberally construe pro se complaints. Lapinski v. St. Croix Condo. Ass'n, Inc., 815 F. App'x 496, 497 (11th Cir. 2020).

strained her back while sorting heavy parcels at work. Id. She alleges she was not paid for the time she was out of work. Id.

After her injury, the Postal Service assigned Plaintiff to "a light duty position" at the St. Simons Island, Georgia, Post Office. Id. Plaintiff worked this position for approximately two weeks before she "was sent home" because "there was no work for [her] to do." Id.

In April 2020, Plaintiff returned to the Brunswick Post Office "in a full-time window position." Id. She remained in this role until September 11, 2020 when she reinjured herself "lifting again" and has not been able to work since. Id. at 7. Plaintiff alleges that her supervisors, managers, and the Postmaster were aware of this new injury but marked her absent without leave ("AWOL") instead of "putting [her] codes correctly in [the Office of Workers' Compensation Program ('OWCP')]." Id.

Plaintiff brought this action on February 22, 2024 against five Defendants: (1) Postmaster General Louis DeJoy, (2) the Postmaster of the Brunswick Post Office, Orelene Garcia, (3) the Supervisor of Customer Service at the Brunswick Post Office, Dwayne Gray, (4) the former Manager of Customer Service at the St. Simons Island Post Office, Patrick Muise, and (5) the Human Resources Manager for the Gulf Atlantic District, Claudette Ballard. Id. at 9-10. Plaintiff seeks "the money that would be due to [her] if [she] was still there working" at the Post Office. Id. at 4.

Defendants moved to dismiss Plaintiff's claims.  Dkt. No. 10. Plaintiff did not respond initially. On January 28, 2025, the Court ordered Plaintiff to show cause for failure to prosecute. Dkt. No. 13. On February 11, 2025, Plaintiff responded that she has not abandoned this case. Dkt No. 14 at 1. The Court construes Plaintiff's statement that she is "aware" of "a motion to dismiss and [she] opposed the decision at that time" as a general opposition to the motion to dismiss. Id. at 2. Thus, the Court takes up the motion to dismiss and does not dismiss the case for failure to prosecute. See McKelvey v. AT & T Techs., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986) ("The decision to dismiss for want of prosecution lies within the trial court's discretion" and should be employed only as a "last resort.").

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). Additionally, the Court is required to liberally construe pro se complaints. Lapinski, 815 F. App'x at 497. "A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

3

lawyers." <u>Roman v. Tyco Simplex Grinnell</u>, 731 F. App'x 813, 815 (11th Cir. 2018) (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)) (alterations adopted). But the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009).

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." <u>Fin. Sec. Assurance, Inc. v. Stephens, Inc.</u>, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" <u>Iqbal</u>, 556 U.S. at 679 (emphasis added) (quoting Fed. R. Civ. P. 8(a)(2)).

### DISCUSSION

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" <u>Weiland v. Palm Beach Cnty. Sheriff's Off.</u>, 792 F.3d 1313, 1320 (11th Cir. 2015). The two types of shotgun pleadings relevant here are those that assert "facts not obviously connected

to any particular cause of action" and those that do not separate
"each cause of action or claim for relief." Id. at 1322–23.
Plaintiff's amended complaint does not label the allegations with
a particular cause of action. See Dkt. No. 5 at 3 (bringing this
action under "violations of federal laws" generally).[2] Thus, the
Court concludes that the amended complaint is a shotgun pleading.
Plaintiff must "give the defendants adequate notice of the claims
against them and the grounds upon which each claim rests."
Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018)
(internal quotations omitted). To cure the deficiencies, Plaintiff
must connect her factual allegations to some cause of action with
more particularity than "violations of federal laws" generally.
See Dkt. No. 5 at 3.

---

[2] The Court notes that in its initial screening of complaints filed
by plaintiffs proceeding in forma pauperis pursuant to 28 U.S.C.
§ 1915A, the Magistrate Judge construed Plaintiff's case as
"asserting claims under the American with Disabilities Act of
1990." Dkt. No. 4 at 1; but see Dkt. No. 1 at 3 (Plaintiff's first
complaint invoking Title VII of the Civil Rights Act of 1964).
    Title I of the American with Disabilities Act prohibits
employment discrimination "on the basis of disability." 42 U.S.C.
§ 12112(a).[2] Federal employees, such as USPS postal workers, have
no remedy for employment discrimination under the ADA. Id.
§ 12111(5)(B)(i) (excluding the United States from the definition
of employer); see also Rio v. Runyon, 972 F. Supp. 1446, 1454 (S.D.
Fla. 1997) ("As a federal employee, Plaintiff's exclusive remedy
for alleged disability discrimination in connection with her
employment is the Rehabilitation Act of 1973." (emphasis added)
(citation omitted)), aff'd Rio v. Henderson, 159 F.3d 1360 (11th
Cir. 1998).

When a court concludes "that the complaint [is] a shotgun pleading and that plaintiffs failed to connect their causes of action to the facts alleged, the proper remedy [is] to order repleading *sua sponte*." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1280 (11th Cir. 2006) (internal quotation marks and citation omitted); Ferrell v. Durbin, 311 F. App'x 253, 259 n.8 (11th Cir. 2009) ("When presented with a shotgun complaint, the district court should order repleading *sua sponte*." (citation omitted)).[3] "Where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, . . . a district court should give a plaintiff an opportunity to amend [her] complaint instead of dismissing it, even if the plaintiff did not file a motion to amend or request leave to amend." Muhammad v. JPMorgan Chase Bank, NA, 567 F. App'x 851, 853 (11th Cir. 2014) (internal quotation marks omitted) (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002) (en banc)) (discussing standards for *pro se* litigants). Thus, Plaintiff shall be granted an opportunity to amend to sufficiently identify the

---

[3] The Court notes that Plaintiff's initial complaint was labeled "Complaint for Employment Discrimination," but when Plaintiff filed the amended complaint, the initial "complaint (and its attached exhibits) became a legal nullity." Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016).

legal cause(s) of action and specify the factual allegations that support each claim.

### CONCLUSION

For these reasons, Defendants' motion to dismiss, dkt. no. 10, is **DENIED as moot.** Plaintiff is **ORDERED** to file a more definite statement of her claims within **twenty (20) days** of the date of this Order. Plaintiff's failure to do so will result in dismissal of this action. Further, Plaintiff is warned that her failure to clearly assert sufficient facts connected to a particular claim for relief in a coherent manner will result in dismissal of this case.

**SO ORDERED** this 5th day of March, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA