# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| MICHELLE WILLIAMS,<br><br>　　Plaintiff,<br><br>　　v.<br><br>LOUIS DEJOY, et al.,<br><br>　　Defendants. | CV 224−026 |

## ORDER

Before the Court is Defendants' motion to dismiss Plaintiff's amended complaint. Dkt. No. 19. Plaintiff has filed no response, and the time for doing so has long passed. For the reasons below, Defendants' motion is **GRANTED**.

## BACKGROUND

Plaintiff Michelle Williams initiated this employment action on February 22, 2024. Dkt. No. 1. The Magistrate Judge ordered Plaintiff to file an amended complaint, dkt. no. 4, which Plaintiff did on June 13, 2024, dkt. no 5. On September 6, 2024, Defendants Louis DeJoy, Orelene Garcia, Dwayne Gray, Patrick Muise and Claudette Ballard collectively moved the Court to dismiss Plaintiff's amended complaint. Dkt. No. 10. Only after the Court issued a show-cause order did Plaintiff file a response in opposition. Dkt. Nos. 13, 14.

On March 5, 2025, the Court denied as moot Defendants' motion to dismiss and gave Plaintiff an opportunity to file a more definite statement of her claims. Dkt. No. 15. On March 21, 2025, Plaintiff filed a letter with the Court. Dkt. No. 16. Because the letter is Plaintiff's only response to the Court's Order, the Court liberally construes the letter as a second amended complaint.

Plaintiff's factual allegations, in their entirety, are as follows.

> On Sept 14, 2020 I have text messages between myself and Dwayne Gray stating that I was marked Deems desirable until documentation was presented I am AWOL. After these facts I was marked AWOL from 9/12/2020 through 12/18/2020 and ongoing. I have an open disability claim with the state of Georgia since November of 2020 and its being held up at the moment because the SSA wants to know what the post office is doing since I was injured on duty. It's been 5 years now and I just need a remedy I've even returned 12/16/24 to work working 15-20 hrs per week to be able to make ends meet. My restrictions have remained the same as well since 2020 no lifting over 10 lbs, no prolonged walking, standing or bending. I have proof from workers comp stating I wasn't paid from being marked in an AWOL status I also have my investigative report that can be attached if more clarity is needed on the matter at hand. I'm considered disabled because I have a walking impairment from my heavy lifting accident on 2/2/2020.

Dkt. No. 16 at 1. Plaintiff attaches to the second amended complaint copies of text messages dated September 14, 2020. Id. at 2-6.

**LEGAL STANDARD**

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). But the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (emphasis added)(quoting Fed. R. Civ. Proc. 8(a)(2)).

**DISCUSSION**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim

showing that the pleader is entitled to relief."  Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015).  Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. BellSouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings."  The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings."  Weiland, 792 F.3d at 1321.  The one most relevant here is a complaint that "is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  Id. at 1322.

4

Plaintiff's complaint contains numerous factual allegations that are not obviously connected to any particular cause of action. Indeed, Plaintiff asserts no cause of action. See Dkt. No. 16 at 1. Even if the Court gleans from the amended complaint that Plaintiff asserts a disability discrimination claim or violation of the Family and Medical Leave Act, the second amended complaint still does not include "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). Further, Plaintiff's second amended complaint completely ignores Rule 10(b)'s requirement that factual allegations be in numbered paragraphs and "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Like the factual allegations in her amended complaint, those contained in her second amended complaint do not promote clarity but instead are more akin to a stream of consciousness. The second amended complaint is therefore a shotgun pleading.

When the Court determined Plaintiff's original complaint was a shotgun pleading, it *sua sponte* directed her to better plead her complaint. Dkt. No. 15; see also Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008) ("[D]istrict courts have a supervisory obligation, under Rule 12(e), to *sua sponte* direct a plaintiff to better plead his complaint when a shotgun complaint fails to adequately link a cause of action to its factual predicates." (quotation marks

5

omitted)).  Further, the Court warned Plaintiff that "her failure to clearly assert sufficient facts connected to a particular claim for relief in a coherent manner will result in dismissal of this case."  Dkt. No. 15 at 7.

Plaintiff's second amended complaint is, yet again, a shotgun pleading.  Generally, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam).  Here, Plaintiff has been given that opportunity.  As a result, **DISMISSAL** of Plaintiff's second amended complaint is appropriate.  Bank, 928 F.2d at 1112.

## CONCLUSION

Plaintiff's second amended complaint, like its predecessor, is a shotgun pleading.  Accordingly, Defendants' motion to dismiss, dkt. no. 19, is **GRANTED**, and Plaintiff's second amended complaint, dkt. no. 16, is **DISMISSED with prejudice**.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 27th day of May, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA